UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 04-524-JBC**

**SANDRA J. MEDLEY,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plantiff, Sandra J. Medley, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner. The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion for summary judgment (DE 7), deny the Commissioner's motion for summary judgment (DE 8), and remand this matter to the Commissioner for further administrative proceedings consistent with this order.

**A.    OVERVIEW OF THE PROCESS**

Judicial review of the ALJ's decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided

the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can perform her past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commisioner – the ALJ determines, once it is established that the claimant cannot perform her past relevant work, whether significant numbers of other jobs exist in the national economy which she can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.      THE ALJ'S DETERMINATION**

At Step 1, the ALJ determined that the plaintiff has not engaged in substantial gainful activity. In Steps 2-3, the ALJ determined that the plaintiff has an impairment or combination of impairments considered "severe," but does not have an impairment or combination of impairments listed in, or medically equivalent to one listed in, Appendix 1, Subpart P, Regulation 4. Additionally, the ALJ found that the plaintiff's allegations concerning her pain and its effect on her ability to work are not entirely credible. The ALJ found that the claimant's residual

functional capacity ("RFC") allowed her to perform a significant range of light work, with restrictions on use of her right/dominant hand.  At Step 4, the ALJ found that the plaintiff could not perform her past relevant work as a seamstress or factory worker.  At Step 5, the ALJ found that the plaintiff was able to perform a significant number of jobs in the national economy, precluding a finding that the claimant is disabled.

**C.    ANALYSIS**

The plaintiff argues that the ALJ erred in presenting an inaccurate hypothetical question to the vocational expert ("VE").  The plaintiff asserts that the limitations presented by the question on which the ALJ based his conclusion were not as significant as the actual limitations on the plaintiff's ability to perform work as shown by medical evidence.

Dr. Westerfield's consultative assessment that the plaintiff can occasionally lift or carry up to 20 pounds and can frequently lift or carry less than 10 pounds does not specify whether that lifting or carrying would be done with both hands or with only her right/dominant hand.  (R214).

The ALJ concluded in his decision that the plaintiff is capable of doing light work: "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  (R23).  He further specified that

> [s]he is restricted to 10 pounds or less of lifting, carrying, pushing or pulling with her dominant right hand; limited pushing, pulling, reaching, grasping and turning with her right hand; no rapid or repetitive flexion/extension with

3

>> the right wrist; no operation of foot pedal controls, or climbing ropes, ladders and scaffolding.

*Id.*

The ALJ's first hypothetical question, however — the situation based on which the VE stated that there would be sufficient jobs available — assumed that the plaintiff could lift and carry 25 to 50 pounds with both hands, and that she could lift, carry, push, or pull up to 20 pounds or less with her right/dominant hand. (R268). When the ALJ asked the VE whether there would be jobs available to a person with the limitations described by the plaintiff in her testimony, the VE replied that suitable jobs would *not* be available in large number. (R270).

A hypothetical question to a VE must accurately portray the impairments of the claimant to be considered substantial evidence. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). However, an ALJ's finding that a plaintiff's complaints are not credible is entitled to great deference. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). Thus, if the ALJ deems the plaintiff's testimony incredible, he is entitled to pose a hypothetical question based on his own assessment to a VE. *Id.*

Regardless of the ALJ's conclusion as to the plaintiff's credibility, he nonetheless concluded in his decision that she was incapable of performing work requiring her to lift or carry more than 20 pounds. Therefore, the VE's testimony that a person with the occupational limitations described in the first hypothetical question would be eligible for a significant number of jobs in the economy is not

substantial evidence that the plaintiff is not disabled.  The VE never testified that a person with the RFC described by the ALJ in his decision would be capable of performing a significant number of jobs either in the local or national economy, and the ALJ never asked that question.[1]  Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 7) is **DENIED** and the defendant's motion for summary judgment (DE 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the denial of the plaintiff's claim for disability benefits is **REVERSED** and **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion.

Signed on June 23, 2005



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[1] The ALJ did ask whether a person with the limitations *described by the plaintiff* would be considered disabled.  However, that question did not take into account the allowances for credibility made by the ALJ in his ultimate determination of her RFC, and thus the VE's answer does not constitute substantial evidence that the plaintiff *is* disabled.